```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


EQUAL EMPLOYMENT OPPORTUNITY       §
COMMISSION,                        §
                                   §
            Plaintiff,             §
                                   §
v.                                 §    CIVIL ACTION NO. H-05-3365
                                   §
GEOSCIENCE ENGINEERING &           §
TESTING INC.,                      §
                                   §
            Defendant.             §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Equal Employment Opportunity Commission's Motion for Partial Summary Judgment (Document No. 18). After carefully considering the motion, response, reply, and the applicable law, the Court concludes as follows.

Plaintiff Equal Employment Opportunity Commission filed this complaint against Defendant Geoscience Engineering & Testing, Inc., alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Plaintiff alleges that since at least 2003, Defendant's owner, Jim Palavan ("Palavan"), has subjected female employees, including Michele M. Galvan ("Galvan") and Cynthia Perez ("Perez"), to "unwelcome comments and or touching of a sexual nature and constructive discharge of some of them because of their sex, female." *See* Document No. 1 ¶ 9. Plaintiff now moves for partial summary

judgment and seeks (1) to dismiss Defendant's affirmative defense that "Plaintiff has failed to state a cause of action upon which relief may be granted"; (2) to preclude Defendant from asserting a Faragher/Ellerth affirmative defense because Palavan, the alleged harasser, is a proxy for Defendant employer.[1]

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. Id. "[T]he nonmoving party must set

---

[1] Plaintiff also "seeks a ruling that it is entitled to have the Court give an alter ego jury instruction at the trial of this action." It is premature to consider the proposed alter ego jury instruction, and the motion will be denied at this time without prejudice.

forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." Id.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993) (citing Matsushita, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id. Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." Anderson, 106 S. Ct. at 2513.

Plaintiff seeks summary judgment striking Defendant's first affirmative defense, which states (without setting forth the basis of the defense) that "Plaintiff has failed to state a cause of action upon which relief may be granted." Defendant argues that the affirmative defense should not be dismissed because "[t]he summary judgment record in case [sic] at least supports a factual

3

determination that much of the alleged conduct did not take place." However, Defendant does *not* assert that, accepting as true all well-pleaded facts in Plaintiff's complaint, Plaintiff has failed to allege sufficient facts to state in its Complaint an actionable sexual harassment claim.  Indeed, Defendant concedes that fact issues exist and that credibility determinations remain for the jury on whether certain of the conduct occurred and, if so, whether it was of such a nature as to constitute sexual harassment.  *See* Muscletech Research & Dev., Inc. v. E. Coast Ingredients, LLC, No. 00-CV-0753A(F), 2004 WL 941815, at *41-42 (W.D.N.Y. Mar. 25, 2004) (granting plaintiff's motion for summary judgment to dismiss affirmative defense of failure to state a claim where defendants asserted that genuine issues of material fact existed on plaintiff's copyright and trademark claims, but did *not* assert that plaintiff's claims "fail[ed] to allege sufficient facts to state a claim for any particular relief."). As such, Defendant's affirmative defense that "Plaintiff has failed to state a cause of action upon which relief may be granted" lacks merit, and Plaintiff's motion for summary judgment to strike the defense will be granted.

Plaintiff also seeks summary judgment that Defendant may not raise the affirmative defense set forth in Burlington Indus., Inc. v. Ellerth, 118 S. Ct. 2257 (1998) and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998) to avoid Defendant's vicarious

4

liability.  Plaintiff contends that the sexual harasser was Palavan, and that (1) "[t]he summary judgment evidence establishes that Mr. Palvan [sic] is [Defendant]'s alter ego or proxy"; and (2) Defendant has not pled the Faragher/Ellerth affirmative defense.[2]  Defendant in its response does not deny that Palavan is the owner, shareholder, officer and manager of Defendant, that he "makes the decisions concerning hiring, firing, promotions and pay increases," and that he therefore may be regarded as a proxy for Defendant.  Nor does Defendant deny that if Palavan is a proxy for Defendant, the Faragher/Ellerth defense is unavailable to Defendant to avoid vicarious liability for Palavan's alleged sexual

---

[2] "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."  Ellerth, 118 S. Ct. at 2270.  The Fifth Circuit reads Faragher and Ellerth to hold that an employer is vicariously liable for its employees' activities in two types of situations: "(1) there is a tangible employment action or (2) the harassing employee is a proxy for the employer."  Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 383 (5th Cir. 2003).  "[T]he only relevant factor to the determination of whether [the harassing employee] was a proxy for [the corporate employer] is whether he held a 'sufficiently high position in the management hierarchy' so as to speak for the corporate employer."  Id. at 383-84 (noting that the Supreme Court "suggest[s] that an owner, supervisor holding a sufficiently high position in the management hierarchy, proprietor, partner, or corporate officer" may be treated as a corporation's proxy) (quoting Faragher, 118 S. Ct. at 2284) (internal quotations omitted).  If the harassing employee is within that class of corporate officials who may be treated as an organization's proxy, his actions are "imputable to [the corporate employer] and the Faragher/Ellerth affirmative defense is unavailable."  Id. at 384.

harassment of Galvan and Perez.  *See, e.g.,* Ackel, 339 F.3d at 383-84 ("[T]he Faragher/Ellerth affirmative defense is unavailable" where harassing employee is a proxy for the employer); EEOC v. J.H. Walker, Inc., No. H-05-2232, 2007 WL 172626, at *19 (S.D. Tex. Jan. 18, 2007) (Rosenthal, J.) (defendant employer was "not entitled to raise" the Faragher/Ellerth defense where alleged harasser, who was the founder and president of defendant corporation who made hiring and compensation decisions, was "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy.") (quoting Ackel, 339 F.3d at 383-84).

Instead, Defendant argues that it should be entitled to the Faragher/Ellerth affirmative defense "with respects to acts not attributable directly to Mr. Jim A. Palavan." Defendant at one point requests "leave to amend its answer to . . . clarify the affirmative defense." The request to amend comes too late, after the close of the dispositive and non-dispositive motion deadline, and Defendant has failed to show good cause to modify the scheduling order. *See* FED. R. CIV. P. 16(b) (scheduling order shall not be modified except upon showing of good cause and by leave of the district court); S&W Enters., LLC v. SouthTrust Bank of Ala., N.A., 315 F.3d 533, 536 (5th Cir. 2003); Ratliff v. City of Houston, No. H-02-3809, 2005 WL 1745468, at *4 (S.D. Tex. July 25, 2005) (Atlas, J.); *see also* Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (setting forth factors to

consider in determining good cause). Moreover, it would be futile to allow Defendant to amend its answer to raise the defense "with respects to acts not attributable directly to Mr. Jim A. Palavan," inasmuch as the allegations in Plaintiff's complaint concern only acts that are "attributable directly" to Palavan. *See* Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985) (futility of amendment is acceptable justification for denying leave to amend); Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 321 (5th Cir. 1991) ("We also affirm denials of motions to amend when amendment would be futile."). Accordingly, Defendant's untimely request for leave to amend its answer to plead the Faragher/Ellerth affirmative defense "with respects to acts not attributable directly to Mr. Jim A. Palavan" will be denied.

For the foregoing reasons, it is

ORDERED that Plaintiff Equal Employment Opportunity Commission's Motion for Partial Summary Judgment (Document No. 18) is GRANTED IN PART, and Defendant Geoscience Engineering & Testing, Inc.'s first affirmative defense challenging the Complaint itself, that "Plaintiff has failed to state a cause of action upon which relief may be granted," is DISMISSED; Plaintiff's motion for summary judgment that Defendant may not raise the Faragher/Ellerth affirmative defense is DENIED as moot because Defendant has not pled and may not plead that affirmative defense; and Plaintiff's request for an alter ego jury instruction at trial is DENIED as

premature, without prejudice to being re-urged in Plaintiff's requested jury instructions included in the Joint Pretrial Order.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 28th day of March, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE